Johnson v. Johnson.

JOHNSON    v.    JOHNSON.

(*Jackson.*    June  10,  1899.)

DEVISAVIT VEL NON. *Exclusion of instrument propounded not error, when.*

It is not error, on the trial of an issue of *devisavit vel non,* for the Court to exclude from the jury the instrument propounded for probate, where it has the form of a deed, but is unexecuted, and there is no internal or collateral evidence tending to show that it was intended as a will.

Cases cited: McLean *v.* McLean, 6 Hum., 452; Watkins *v.* Dean, 10 Yer., 321; Taylor *v.* Taylor, 2 Hum., 597; Armstrong *v.* Armstrong, 4 Bax., 357; Swails *v.* Bushart, 2 Head, 562.

FROM  SHELBY.

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

H. C. WARRINER, T. H. JACKSON, and YOUNG & YOUNG, for plaintiffs in error.

WM. M. RANDOLPH & SON, JOS. M. GREER, and D. M. SCALES, for defendants in error.

McALISTER, J. This record presents an issue of *devisavit vel non.* The verdict and judgment

Johnson *v.* Johnson.

were against the alleged will. Proponents appealed and have assigned errors.

The paper writing in controversy purported on its face to be a deed, but was unsigned and unexecuted. The contention of the proponents was that it might nevertheless take effect as a testamentary disposition of personalty.

The instrument in question was written under the following circumstances: The testatrix, Mrs. Louisa J. Hardwicke, of Shelby County, in her last illness, caused the paper in question to be prepared by Maj. Warriner. Mr. Warriner, on the night preceding her death, was sent for between 11 and 12 o'clock.

On his arrival Mrs. Hardwicke said to him that she desired to make a deed of gift. Mr. Warriner explained to her the difference between a deed and a will, stating that a deed, if properly executed, would convey the property absolutely even if she recovered, but that a will would only take effect after her death.

Mr. Warriner asked her if she did not wish to make a will. She replied she wanted a deed and not a will. Thereupon she directed him to write a deed of gift, conveying her property to Loula Hardwicke, Ross Woods, and Isadore Johnson.

After writing the paper Mr. Warriner read it over to Mrs. Hardwicke, and she expressed her satisfaction with it. He then presented it to her

to sign, but she declined to do so, stating she would sign it to-morrow. Mrs. Hardwicke became unconscious several hours after Mr. Warriner wrote the deed, and died the following day without having executed it.

This paper writing was offered for probate as a will of personalty in the Probate Court of Shelby County, and was proved by two witnesses. Notice of contest having been given, the writing was certified to the Circuit Court for an issue of *devisavit vel non*. The only testimony introduced on the trial below was by the proponents, all of which tended to show that Mrs. Hardwicke refused to make a will but had undertaken to make a deed of gift, which was left unexecuted.

When the paper writing itself was offered in evidence, upon objection the Court excluded it, stating his reasons as, viz.:

"The Court holds that the paper offered in evidence, being unsigned by the deceased, and not formally executed, and being in form a deed of gift, and the other evidence showing that she declared at the time of its preparation that she did not want a will but a deed of gift prepared, for the reason that wills could be broken and deeds could not, that this paper could, under no aspect of the testimony, be held to be the last will and testament of the deceased, and that if, on the testimony introduced, the jury should find it her last will and testament, the Court would

be bound, under its conception of the case, to grant a new hearing."

Counsel for proponents excepted to the ruling of the Court excluding the paper writing from the jury, remarking, viz.:

"If that is the conclusion of the Court in the case, there is no use for the same to proceed any further, and that a verdict of the jury might be entered with the judgment of the Court thereon in favor of the defendants, and proponents would enter a motion for a new trial, and on that being overruled, would appeal the case to the Supreme Court."

The principal assignment of error in this Court is that the Court below erred in not allowing the paper writing in question to be read as evidence to the jury.

The position of counsel for proponents is that Mrs. Hardwicke intended by said instrument to make a final disposition of her property, to take effect after her death, and, that being true, the instrument is testamentary in legal effect, although she may have declared she did not wish a will but a deed of gift prepared.

Counsel cite in support of his proposition Williams on Executors, Vol. 1, p. 54, viz.: cited in *McLean* v. *McLean,* 6 Hum., 452, viz.: "Although much greater strictness seemed to have prevailed in earlier times, it has been decided in a great variety of modern instances that it is not neces-

sary that an instrument should be in a testa-
mentary form in order to operate as a will. In-
deed, it may be considered as a settled point that
the form of a paper does not affect its title
to probate, provided it is the intention of the
deceased that it should operate after her death.
Thus a deed poll, or an indenture, a deed of
gift, a bond, a marriage settlement, letters, drafts
on bankers, stock and bills indorsed for A B,
an indorsement on a note, 'I give this note to
C D,' promissory notes, and notes payable by
executors to evade legacy duties, have been held
to be testamentary." And, again, at page 55,
the same author says: "And it must be further
observed that it is not necessary for the validity
of a testamentary instrument that the testator
should intend to perform, or be aware that he
had performed, a testamentary act, for it is set-
tled law that if the paper contains a disposition
of the property to be made 'after death, though
such paper were not intended to be a will or
other testamentary instrument, but an instrument of
a different shape, yet, if it cannot operate in the
latter it may nevertheless operate in the former
character."

Mr. Williams, however, at page 88, Vol. 1,
explains the language already quoted by saying:
"But it is essentially requisite that the instru-
ment should be made to depend upon the event

of death as necessary to consummate it. For when a paper directs a benefit to be conferred *inter vivos,* without reference, expressly or impliedly, to the death of the party conferring it, it cannot be established as testamentary."

So Mr. Jarman, in his work on Wills, Vol. 1, star page 21, says: "That the cases had established that an instrument in any form, whether a deed poll or indenture, if the obvious purpose is not to take place till after the death of the person making it, shall operate as a will." Again, Mr. Jarman, on star page 24, in speaking of instruments not testamentary, says, viz.: "But if the instrument is not testamentary either in form or substance (none of the gifts in it being expressed in testamentary language, or being in terms postponed to the death of the maker), and if no collateral evidence is adduced to show that it was intended as a will, probate will not be granted of it as a testamentary document."

Pritchard on Wills states the rule, viz. (Sec. 17): "If an instrument is to take effect after the death of the maker, it is a will; if it is to take effect immediately, or if it conveys a present estate, it is a deed, notwithstanding the enjoyment of the estate may be postponed until after the death of the maker. It is the ambulatory quality of a will which makes the difference, for, though a deed may postpone the pos-

session or enjoyment until the death of the donor, the postponement does not result, as in the case of a will, from the nature of the instrument, but is produced by its express terms. If, therefore, the instrument has the present effect of vesting the right to and fixing the terms of the future enjoyment of property, and does not require the death of the testator for its consummation, it is not a will." *Watkins* v. *Dean,* 10 Yer., 321; *Taylor* v. *Taylor,* 2 Hum., 597; *Armstrong* v. *Armstrong,* 4 Bax., 357; *Swails* v. *Bushart,* 2 Head, 562.

"Where it appears there was an intent that the instrument should become operative at once, conveying a present interest, or even a present interest to be enjoyed in the future, the Court will construe the instrument to be a deed and not a will."

In the present case the instrument was drawn to take effect as a deed *in presenti,* but afterwards the decedent failed or refused to execute and deliver it. The form of the instrument wholly precludes the idea of a will, for it is a deed absolute upon its face. The evidence overwhelmingly shows that it was not designed as a paper to take effect after the death of the maker, but was written to take effect at once, provided she saw proper to execute and deliver it.

There is not a line of the deed or a syllable of the collateral evidence to show that it was to take effect after the death of Mrs. Hardwicke.

Johnson *v.* Johnson.

There was no evidence on which the paper offered could be sustained as a last will and testament. The Court was therefore correct in excluding the paper writing from the jury. We find no error in the record, and the judgment is affirmed.