JAMES R. JONES *v.* WILLIAM W. JONES *et al.*

(*Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

238

Susong, Susong & Parvin and Geo. W. Gorrell, for plaintiff in error.

Gamble, Goddard & Gamble, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a proceeding begun in the County Court of Cocke County by James R. Jones, a son of B. D. Jones, deceased, to probate in solemn form a certain paper writing as a codicil to the will of the said B. D. Jones. This effort was resisted by two of the petitioner's sisters and by an administrator with the will annexed. These parties filed a demurrer to the petition seeking a probate of the paper mentioned. The case was thereupon certified and transferred by the county court to the Circuit Court of Cocke County and upon a hearing in the latter court the demurrer was sustained.

B. D. Jones died in 1928. He made a will in 1922 by which he divided his estate equally among his five children. A copy of the will, which seems to have been heretofore probated, was filed with the petition herein. The will contained the following clause:

"I have made certain advancements to my son James R. Jones and we have had certain dealings and accounts as between us. I desire that he be charged with Twelve Thousand Dollars ($12,000.00) advancement as of January 1, 1922, which shall be counted against his share in the estate and which shall be a complete settlement of advancement and accounts as between us as of said date, January 1, 1922, including any notes or accounts, which either may hold as against the other prior to said date."

The paper offered for probate as a codicil to the will is as follows:

"Newport, Tennessee.
"November 8th, 1928.

"Mr. James R. Jones.

"Dear Son:

"I am taking this way to advise you that any and all accounts, promisory (sic) notes, due bills or any other papers of like nature, which may appear on my books or in my possession anywhere against you, I hereby declare paid and settled in full, and hereafter I do not hold you responsible for the payment of any of them in any way.

"I wish to say right here that you have always rendered me faithful and valuable service all of your life and I herewith acknowledge same and express my great appreciation to you in this manner. I wish to say also that you have been true to every trust placed on you by me and it is just and right and due you that I should protect and show you this consideration and I gladly do it.

"I authorize and request you to close all accounts, cancel and distroy (sic) all promisory (sic) notes, due

bills, and papers mentioned above at your convenience.

"I also wish to state here that you or your heirs will share equally with my other children in my estate.

"Affectionately your Father,

(Signed) B. D. JONES."

██ The demurrer, sustained below, contains three grounds. The second ground is that the paper writing offered as a codicil does not revoke any of the provisions of the will of B. D. Jones, and the third is that this paper writing is not contradictory to the terms of the will of B. D. Jones. These grounds of demurrer go to the construction of the will and the document offered as a codicil and are not matters for the probate court. The demurrer in these particulars accordingly should have been overruled.

The first ground of demurrer is that the writing sought to be probated is not testamentary in form or character for several reasons: (a) not ambulatory in nature; (b) does not contain a disposition of property to be made after testator's death; (c) does not depend on the death of the maker for consummation; (d) took effect, if at all, immediately upon its execution; (e) does not operate in future.

In one aspect the writing is open to these objections. It appears to be a release or discharge of all accounts, notes, due bills and such obligations that the writer held against his son James R. Jones. In that aspect the paper did operate *in praesenti* and is not testamentary in its nature.

So much for the first three paragraphs. The last paragraph is of different character. In the last paragraph B. D. Jones says "I also wish to state here that you or your heirs will share equally with my other children

in my estate." *Also* is a word used by way of transi-. tion, leaving one thought and passing to another.

 The release of the son from liability on these accounts, notes and due bills did not defeat the provision in the father's will that the son should be charged as an advancement with $12,000 of accounts, notes, etc. This provision in the will would have stood had the notes and accounts been barred by the statute of limitations, or discharged in bankruptcy at the testator's death. *In the Matter of Tompkins,* 132 Calif., 173, 64 Pac., 268; *Baker* v. *Safety Deposit, etc., Co.,* 93 Md., 368, 48 Atl., 920, 49 Atl., 623; *In the Matter of Fussel,* 129 Ia., 498, 105 N. W., 503; *Cummings* v. *Bramhall,* 120 Mass., 552.

 An advancement does not involve the idea of a legal obligation. It is a gift by a parent in anticipation of the child's share in the parent's estate. So the child may be relieved of responsibility at law upon notes and accounts and yet be charged with the amount of the said notes and accounts as an advancement, to be deducted from his distributive portion of the parent's estate.

 Having discharged his son from liability on the notes, accounts, etc., in the paper before us, the father passed to another matter. He wrote that he *also* wished the son or his heirs to share equally in his (the father's) estate.

It seems to us this final provision of the document is clearly testamentary. The father had made a will. He contemplated a distribution of his estate after his death. The children were to share the estate then. When the estate was shared, this son or his heirs was to "share equally" with the other children. This provision could not have been intended to operate presently. It was de-

signed to be effective at the distribution of the writer's estate and that time had been fixed by the will—after the writer's death. Moreover, equality in the division of an estate cannot be insured except by an apportionment after death unless all the estate be disposed of in the testator's lifetime. One cannot foretell what will be the value and extent of his estate when he dies.

Testing the final clause of the paper writing offered for probate by the first ground of demurrer, such clause is ambulatory in nature; it does contain a disposition of property to be made after testator's death; it does depend on the death of the maker for consummation; it did not take effect immediately upon its execution, and it did operate *in futuro* as of the date of its execution.

In *McLean* v. *McLean*, 25 Tenn. (6 Humph.), 452, following Williams on Executors, this court said:

"Indeed, it may be considered as a settled point that the form of a paper does not affect its title to probate, provided it is the intention of the deceased that it should operate after his death. Thus, a deed poll or an indenture, a deed of gift, a bond, a marriage-settlement, letters, drafts on bankers, stock and bills endorsed for A. B., an endorsement on a note, 'I give this note to C. D.,' promissory notes, and notes payable by executors to evade legacy duties, have been held to be testamentary. And it must be further observed that it is not necessary for the validity of a testamentary instrument that the testator should intend to perform, or be aware that he had performed, a testamentary act; for it is settled law that, if the paper contains a disposition of the property to be made after death, though such paper were not intended to be a will or other testamentary instrument, but an instrument of a different shape, yet,

if it cannot operate in the latter, it may, nevertheless, operate in the former character.''

See also *Reagan* v. *Stanley,* 79 Tenn. (11 Lea), 316; *Orgain* v. *Irvine,* 100 Tenn., 193; *State ex rel.* v. *Goodman,* 133 Tenn., 373; Sizer's Pritchard Law of Wills, sec. 207.

If this letter contained nothing except the date, was addressed to the son and went on ''I . . . wish to state here that you or your heirs will share equally with my other children in my estate'' and then was signed ''Affectionately your Father, B. D. Jones,'' we assume its testamentary character would not be questioned.

█ While instances are not very common, nevertheless it is well settled that a paper writing may operate in part as a will and in part as another instrument, if it deals distinctively with reference to different properties, plainly indicating a testamentary effect as to one property and a present operation as to the other property. *Powers* v. *Scharling,* 64 Kan., 339, 67 Pac., 820; *Taylor* v. *Kelly,* 31 Ala., 59, 68 Am. Dec., 150; *Stewart* v. *Stewart,* 177 Mass., 493, 59 N. E., 116, and other cases referred to in 40 Cyc., 1096.

The document before us meets these requirements. It is a present release of the notes and accounts that B. D. Jones held against his son. It is a testamentary or future equalization of other property of B. D. Jones among his children.

For the reasons stated, we conclude that the demurrer should have been overruled. We think under the circumstances there was no error on the part of the court below in permitting the administrator with the will annexed to become a party to this suit. Costs so far accrued will be taxed to the estate of B. D. Jones.

Reverse and remand to the Circuit Court of Cocke County, with directions to that court to remand to the county court of the same county for further proceedings in conformity with this opinion, to the end that the document aforesaid may be probated as a testamentary direction concerning testator's personal estate.