P. H. Condry, Administrator *et al.*  *v.* Mollie E. Coffey
*et al.*

(*Knoxville.* September Term, 1931.)

Opinion filed December 5, 1931.

W. N. Hickey and D. S. Beeler, for plaintiff in error.

John Jennings, Jr., for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

This is a proceeding for the probate in solemn form of a paper writing as the will of J. M. Condry, deceased.

Preliminary steps in the county court are not now material. The alleged will was exhibited to the circuit court by the proponent as a part of his "declaration," to which a demurrer was filed by contestants. This demurrer was sustained and judgment was entered, dismissing the proceeding on the ground that "the paper writing set out in the declaration is not testamentary in form or character, and is not and cannot operate as the last will and testament of J. M. Condry, deceased."

From this judgment the proponent was granted an appeal to this court.

The demurrer challenged the testamentary character of the instrument offered for probate because (1) it possesses none of the usual formalities of a will, and does not purport to be a will; (2) it does not purport to take effect at the death of the maker, nor to make disposition of his property effective at death; (3) it does not purport to do more than charge a daughter with an advancement, is not dispositive in terms, and names neither beneficiary nor executor; and (4) it does not disclose nor indicate testamentary intent on the part of the maker.

Assignments of error are directed to the action of the circuit court in sustaining each of these grounds of demurrer.

We quote the instrument offered for probate, in full, as presented by the declaration:

"Said paper writing constituting said will is on one side of a paper; on the other side of said paper is a note. Said note is in the words and figures as follows:

" '$886.00

" " 'On or before the 22 day of February, 1907 we promise to pay to the Order of J. M. Condry Eight Hun-

dred and Eighty Six Dollars ($886) without interest, for value received of him, for which we have Given the said J. M. Condry a Deed in trust on our land of even date.

" 'This February 22nd, 1905.

" 'J. L. COFFEY,
" 'M. E. COFFEY.' "

"Said will is in the words and figures as follows:

" 'Received on the within note $525.00. This Dec. 27, 1905.

" 'The above credit of $525.00 is a gift of advancement, which I this day make to my daughter, the said M. E. Coffey, wife of J. L. Coffey, and I intend this said $525.00 to be her part of my estate, the same being all that I intend her to have out of my estate at any time, reserving all the balance of my property which I now possess, or may hereafter come in possession of—either personal or real—to be distributed among my other children.

his<br>
J. M. x CONDRY<br>
mark

" 'Witness to his mark:

" 'JOHN E. KINSLAND,

" 'W. D. WOLFENBARGER.' "

In the reply brief of contestants, the case before us is thus stated: "In the last analysis these assignments of error raise but one question, and that is, can the indorsement on the back of the note in question be held to operate as the last will and testament of James M. Condry, deceased? Is it testamentary in character, substance and form?"

Questions of construction, whether the instrument

is properly authenticated to transmit real estate, and what interests are passed to particular devisees, are matters not within the jurisdiction of the probate court to determine. This is demonstrated in the opinion filed by this Court on November 14th, in *Jones* v. *Jones,* 163 Tenn., 237. Nor does the demurrer herein raise any question as to the sufficiency of the signature or authentication by the purported maker.

The opinion above cited sustains as a valid will an instrument making testamentary disposition of property, although other parts of the same instrument make present disposition of other property. Said the Court: "It is well settled that a paper writing may operate in part as a will and in part as another instrument, if it deals distinctively with reference to different properties, plainly indicating a testamentary effect as to one property and a present operation as to the other property."

The entry on the back of the note of a credit in the sum of $525 was a completed gift by Condry to his daughter and her husband, obligors on the note, obviously intended by him to take effect at the time the entry was made, and not subject to recall or revocation. So much of the instrument was, therefore, not testamentary in character.

But this is not true of the direction that the sum named should be charged to the daughter as an advancement. This was *pro tanto* a disposition of property to take effect at death. Nothing could be done about it until the time came for the distribution of the father's property after death. It was ambulatory in character, since any subsequently executed contrary testament would control it. We are of opinion that this direction that the gift

of $525 to the daughter be charged to her as an advancement is alone sufficient to entitle the instrument to probate, if the authenticity of the instrument as a whole be established. It meets all the requisites of a valid testamentary disposition of personal property, as defined in *Jones* v. *Jones, supra,* and in *McLean* v. *McLean,* 25 Tenn. (6 Humph.), 452. See also *Reagan* v. *Stanley,* 79 Tenn., 316, 323, and *Johnson* v. *Johnson,* 103 Tenn., 32.

After characterizing the credit on the note as an advancement, the instrument continues:

". . . and I intend this said $525.00 to be her part of my estate, the same being all that I intend her to have out of my estate at any time, reserving all the balance of my property which I now possess, or may hereafter come in possession of—either personal or real—to be distributed among my other children."

Contestants correctly contend that the mere direction of a will, that a gift or devise of specific property to one next of kin or an heir at law is all that such devisee should have of the testator's estate, is not sufficient to exclude such devisee from participation in other property of which the testator died intestate. *Bradford* v. *Leake,* 124 Tenn., 312; *Waller* v. *Sproles,* 160 Tenn., 11.

But if the instrument contains other language testamentary and dispositive in character and effect, those parts of the same instrument which are inherently neither testamentary nor dispositive may be looked to and considered "in resolving doubts as to the meaning of particular dispositive clauses of the will," and in ascertaining the intention of the testator when involved in phrases of doubtful or ambiguous meaning. *McDonald* v. *Ledford,* 140 Tenn., 471, 475.

■ In the language last above quoted from the instrument in question, the maker refers expressly to the disposition of his "estate," a term usually employed to designate property of which a person dies the owner. He then refers to his property, then owned or which should thereafter come into his possession and states that he reserves all such property to be "distributed" among his children other than Mrs. Condry. To distribute is defined by Webster as "to divide among several or many; to deal out; apportion; allot." Taken with its context, we think the use of this word by the maker of the instrument was as effective to direct testamentary disposition of his estate to the designated children, as if he had used the more formal words "devised or bequeathed."

It is contended that the language employed in the instrument states only an intention on the part of the maker at some future date to make a will disposing of his property as therein specified, and that he did not intend that the instrument itself should operate as a will. But we can find no justification for placing such a construction upon the written expression of the maker's intention, when he left nothing undone to give effect to the instrument as a will. The writing contains a clear expression of the maker's will with regard to the disposition of his estate, and the record discloses no reason why that expression of will should not be given effect. The rule stated in *McLean* v. *McLean*, 25 Tenn. (6 Humph.), 452, 454, is quoted with approval in *Jones* v. *Jones, supra*: "And it must be further observed that it is not necessary for the validity of a testamentary instrument that the testator should intend to perform, or be aware that he had performed, a testamentary act," etc.

We think the instrument is inherently and definitely testamentary in character, substance and form, and accordingly hold the circuit court in error in sustaining the demurrer of the contestants. The judgment will be reversed and the case remanded for further proceedings. Costs of the appeal will be paid by the proponent, as administrator, out of the funds of the estate, for which he will receive credit in his accounting.