*In re* BRAMLITT'S ESTATE.

(*Nashville,* December Term, 1952.)

Opinion filed July 17, 1953.

W. H. FISHER, ULYSEES A. BURGESS, and JOSEPH W. EVANS, all of Memphis, for Mrs. W. L. Coley, petitioner.

MATTHEWS, WALSH & THOMPSON and THOMAS A. BUFORD, all of Memphis, for Edwin Wesson Bramlitt, Guardian of Walter Lee Bramlitt, a minor.

472

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Probate Judge of Shelby County by proper decree held that the instrument in question was of testamentary character and ordered same probated.

The paper writing produced is in the words and figures as follows:

"Mrs. W. L. Coley May 11, 52

"I'm so tired & lonesome Mother I love you with all my heart And if anything were to happen to me, I want you to have my son Walter Lee Bramlitt & My home at 3156 Hull & everything I have—8 yrs. I've worked hard for a home & now it is on the rocks—I've tried to get Eddie to lets try it again but he wouldn't do it. Please mother dont let my son go to that farm. Daddy Coley has been so good to Walter & me. I love you.

"Yvonne Bramlitt"

This paper writing is on a tablet paper written in pencil and all the writing was found to be in the handwriting of the deceased. The writing is in the form of a letter directed to the mother of the deceased but it is found that the deceased, a daughter of the petitioner, had been for months living in the home of her mother and was living there at the date of the paper writing and there was no occasion for a letter to be written by the daughter to the mother in the way of ordinary correspondence.

We think the paper writing makes a clear disposition of the property of the deceased, intended to take effect

upon her death, and that the paper writing is testamentary in character and was entitled to probate.

In *Jones* v. *Jones,* 163 Tenn. 237, 43 S. W. (2d) 205, 206, it appeared there was a letter addressed by a father to his son and it was held to be testamentary in character by reason of a concluding sentence:

" 'I also wish to state here that you or your heirs will share equally with my other children in my estate.' "

See also *Condry* v. *Coffey,* 163 Tenn. 508, 43 S. W. (2d) 928.

In the present case, we think that when the testatrix used the words "And if anything were to happen to me, I want you to have my son Walter Lee Bramlitt and my home at 3156 Hull & everything I have * * *" this means that she contemplated death and that this was intended as a will.

It results that we find no error in the decree of the Probate Court and it is affirmed.