86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector MENDOZA-OSEGUERA, Defendant-Appellant.
 No. 93-10656.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 18, 1996.
Decided May 30, 1996.
 
 Before: FERGUSON, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hector Mendoza-Oseguera appeals his conviction by guilty plea on several grounds, including the claim that his plea was not entered voluntarily. The defendant pleaded guilty to distributing heroin and possessing heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and to using and carrying a firearm in violation of 18 U.S.C. § 924(c)(1). We reverse on the ground that the defendant's guilty plea was not voluntary.[1]
 
 DISCUSSION
 
 3
 The defendant contends that his trial attorney, the prosecutor, and the court all misunderstood the elements of the firearms charge. The defendant argues that this error rendered his guilty plea involuntary because he was misinformed as to the requisite elements of the charge.
 
 
 4
 A guilty plea must be knowing, voluntary, and intelligent. Brady v. United States, 397 U.S. 742, 747 (1970). The voluntariness of a guilty plea is reviewed de novo. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993). A guilty plea is voluntary if the defendant is informed of and understands the elements of the offense. Henderson v. Morgan, 426 U.S. 637, 645 (1976); Fed.R.Crim.P. 11(c)(1). In McCarthy v. United States, 394 U.S. 459 (1969), the Supreme Court recognized the importance of the defendant's understanding of the nature of the charge. "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." Id. at 466; see Hayes v. Kincheloe, 784 F.2d 1434 (9th Cir.1986), cert. denied, 484 U.S. 871 (1987).
 
 
 5
 In the present case, the defendant was charged with a violation of 18 U.S.C. § 924(c)(1). This statute provides:
 
 
 6
 Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....
 
 
 7
 18 U.S.C. § 924(c)(1). Both the "use" prong and the "carry" prong of this statute have been interpreted to require more than the mere possession of a firearm by a person who commits a drug offense. Bailey v. United States, 116 S.Ct. 501, 506 (1995) (interpreting the use prong); United States v. Hernandez, 80 F.3d 1253, 1257-58 (9th Cir.1996) (interpreting the carry prong).
 
 
 8
 In Smith v. United States, 508 U.S. 223 (1993), the Supreme Court considered the significance of the "in relation to" language in 18 U.S.C. § 924(c)(1). The Court explained that:
 
 
 9
 The phrase "in relation to" thus, at a minimum, clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence. As one court has observed, the "in relation to" language allays explicitly the concern that a person could be punished under § 924(c)(1) for committing a drug trafficking offense while in possession of a firearm even though the firearm's presence is coincidental or entirely unrelated to the crime.
 
 
 10
 Smith, 508 U.S. at 238 (quotations and citation omitted). Moreover, we have consistently held that "[t]he relation between the firearm and the underlying offense is an essential element of the crime." United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1985); United States v. Mendoza, 11 F.3d 126, 128 (9th Cir.1993).
 
 
 11
 In the case at bar, during the sentencing hearing the judge questioned both defense counsel and the prosecution regarding the meaning of 18 U.S.C. § 924(c)(1). The following dialogue took place:
 
 
 12
 The Court: Well, is the issue in something like this what the motive was for carrying the firearm or is it that the defendant was engaged in a drug transaction and whether because of or for some other reason he was in possession of a gun? If at the time of committing the drug offense he possessed a firearm, is that not sufficient to satisfy the statute?
 
 
 13
 Defense Counsel: I believe it is, Your Honor.
 
 
 14
 Prosecutor: And Your Honor, I believe that was your exact conclusion ... when we did this eleven months ago.
 
 
 15
 The Court: Well, all right. I think that's--that is the correct reading.
 
 
 16
 (emphasis added).
 
 
 17
 Clearly, the district judge believed that mere possession of a firearm at the time of the drug offense was sufficient to sustain a conviction under 18 U.S.C. § 924(c)(1). This interpretation completely ignores the "in relation to" requirement of the statute. The statute requires that the defendant use or carry a firearm "during" and "in relation to" the drug trafficking offense. Both the government and defense counsel misled the judge to believe that mere possession at the time of the drug offense satisfied the statute. In light of this erroneous understanding of the elements of the firearms charge, the defendant could not have understood the elements of the charge and their relation to the facts. Therefore, the defendant's guilty plea was not voluntary and his conviction must be reversed.
 
 CONCLUSION
 
 18
 We reverse the conviction and remand the case for entry of a new plea.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal defendant also argues: 1) the government breached the plea agreement; 2) the district court failed to establish a factual basis for the plea; 3) the district court failed to disclose the contents of the plea agreement in open court; and 4) he was denied effective assistance of counsel. We do not reach these issues because we reverse on the issue of the voluntariness of the plea