IN RE: ESTATE OF HAROLD L.     )
JENKINS, Deceased,     )
    )
HUGH C. CARDEN and DONALD     )     Appeal No.
W. GARIS as Co-Executors of the     )     01A01-9709-CH-00500
HAROLD L. JENKINS Estate,     )
    )
      Plaintiffs/Appellees,     )
    )
 VS.     )
    )
JONI L. JENKINS and KATHY L.     )
JENKINS,     )
    )     Sumner Probate
      Defendants/Appellants.     )     No.   93P-30

**FILED**

**May 6, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**APPEAL FROM THE CHANCERY PROBATE COURT OF SUMNER COUNTY
AT HENDERSONVILLE, TENNESSEE**

**HONORABLE THOMAS E. GRAY, CHANCELLOR**

Denty Cheatham, BPR #3993
Rose Palermo, BPR #3330
CHEATHAM & PALERMO
43 Music Square West
Nashville, Tennessee 37203
ATTORNEYS FOR PLAINTIFFS/APPELLEES

Charles W. McElroy
BOULT, CUMMINGS, CONNERS & BERRY, PLC
414 Union Street, Suite 1600
P.O. Box 198062
Nashville, Tennessee 37219
ATTORNEY FOR DEFENDANTS/APPELLANTS

**MODIFIED IN PART, AFFIRMED IN PART,
REVERSED IN PART, REMANDED.**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCURS:
BEN H. CANTRELL, JUDGE

CONCURS IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

| IN RE: ESTATE OF HAROLD L. | ) | |
| JENKINS, Deceased, | ) | |
| | ) | |
| HUGH C. CARDEN and DONALD | ) | Appeal No. |
| W. GARIS as Co-Executors of the | ) | 01A01-9709-CH-00500 |
| HAROLD L. JENKINS Estate, | ) | |
| | ) | |
| Plaintiffs/Appellees, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| JONI L. JENKINS and KATHY L. | ) | |
| JENKINS, | ) | |
| | ) | Sumner Probate |
| Defendants/Appellants. | ) | No. 93P-30 |

# O P I N I O N

This is yet another chapter in the administration of the estate of Harold L. Jenkins, a popular entertainer whose stage name was "Conway Twitty." The executors initiated the present proceeding to resolve disputed rights of three devises in respect to the collection from them of certain charges appearing on the records of the deceased. The Probate Court resolved the issues in favor of the executors, and two of the devises appealed.

The complaint of the executors alleged in pertinent substance:

During the lifetime of the late Harold L. Jenkins, he paid certain salaries to his adult children, Michael Jenkins, Kathy Jenkins, Joni Jenkins, and Jimmy Jenkins, and in addition, from time to time after they reached their majority, he made various payments on debts owed by them, or directly to them, to allow them to purchase certain items or pay certain expenses.

Harold L. Jenkins requested his employees who kept his books and records to keep an account of all of these payments made by him to or for his adult children. Occasionally one of the children would make a payment, reducing the balance owed on that child's account, and occasionally charges would be made against the accounts for rent owed by

them on their homes at Twitty City, when such rent was not deducted from the salaries he paid to them. Each of these accounts of his adult children was listed as an "loan receivable" account on Mr. Jenkins' personal books and records, which were kept as part of the records of his business proprietorship known as Twitty Enterprises.

The Internal Revenue Service requires that interest be imputed and income tax paid on the interest, by a parent, if the child owes the parent a debt of more than $10,000.00. Interest upon such debts of his children was reported and income tax was paid thereon by deceased.

Although the late Harold Jenkins never proposed that any legal action be taken against his adult children to collect these accounts, on more than one occasion he told Laurie Thompson Tucker, his accountant, that if there was any unpaid balance on these accounts at this death, the amount would be taken out of that child's inheritance.

At the time of Mr. Jenkins' death Kathy Jenkins owed her father $59,620.00, according to her "loans receivable account" maintained by her father's bookkeepers and accountants. The "loans receivable" account of Joni Jenkins showed a debt of $4,311.00 owed by her to her father.

The appellants answered denying any indebtedness to the estate asserting that the benefits received from deceased were gifts, and pleading the statute of limitations.

The Probate Judge heard the evidence without a jury and filed a memorandum stating:

> The late Mr. Jenkins was a generous and kind person to his children and to his employees. He allowed charges for personal expenses to be made to his business by his children and other employees and the children's spouses; his business paid the expenses and charged the child or other employees or child's spouse on an account maintained to keep a record of such transactions.

- - - -

Similarly, during part of this time Kathy Jenkins was married to and lived at Twitty City with Bruce Harris and Gary Seybold, and the entries on her account reflect that during those marriages Mr. Seybold and Mr. Harris received some payments which were charged to the account of Kathy Jenkins, and they made some payments to reduce the unpaid balance shown on her account.

- - - -

The testimony of Kathy and Joni Jenkins regarding the accounts is not credible. They knew that they made charges and that a record was being kept and that they were expected to make repayment. They knew when their father was not expecting repayment. Joni knew that no repayment was expected for some hospital expenses incurred by her and paid by her father. Kathy knew that her father did not expect repayment for some clothes purchased by her when she was working on a career in the music industry.

The credibility of Mickey Jenkins, former spouse of the deceased and the mother of Joni, Kathy and Jimmy Jenkins was impeached as to her testimony concerning the furnishings of the condominiums and that she did not know that her children, Kathy, Joni or Jimmy, were indebted to the late Harold L. Jenkins.

- - - -

Twitty City was constructed in the early 1980's in Sumner County, Tennessee. As a part of the complex there were condominiums owned by Harold L. Jenkins d/b/a Conway Twitty Enterprises. After construction of Twitty City, each of Harold L. Jenkins' children, Michael, Joni, Kathy and Jimmy, rented a condominium from their father and each was an employee of Conway Twitty Enterprises. Each child paid rent on his/her condominium; each child was due and received a salary and from time to time, generally at Christmas, each received a bonus.

Charges to Conway Twitty Enterprises for personal expenses were at times made by Michael, Joni, Kathy or Jimmy. Other employees at times made a charge to Conway Twitty Enterprises for a personal expense.

At the direction of Harold L. Jenkins, an account was maintained in the name of each child, employee, as a record of continuing transactions between the child, employee, and their father's business Twitty Enterprises. These continuing transactions ended with the death of Harold L. Jenkins.

The Court finds these accounts were mutual as contemplated by T.C.A. 28-3-112, and that the time for the running of the statute of limitations is computed from the date of the last item since there is no showing in this cause that an individual account was liquidated and a balance struck.

- - - -

Mutual agreement may never have been expressed, but it was clearly implied. Checks were accepted as loans; charges for personal expenses to Conway Twitty Enterprises

were made by Kathy and Joni Jenkins. Repayment and reimbursement were made by Kathy and Joni Jenkins.

A contractual obligation was created between Conway Twitty Enterprises and Kathy and Joni Jenkins.

Harold L. Jenkins, deceased, did at times make gifts to his children. However, the accounts before the Court were not gifts.

- - - -

No evidence was presented that Kathy Jenkins or Joni Jenkins consented or gave permission for a spouse to bind either of them on the accounts maintained by Conway Twitty Enterprises. No evidence was presented that Jimmy Jenkins expressly consented to his wife being an agent for him.

Examination of Exhibit I, the account for Kathy Jenkins, reveals a Bruce Harris balance of $850.00 carried forward to the account of Kathy Jenkins. Bruce Harris is former spouse of Kathy Jenkins. This $850.00 is deducted from the $59,619.66 shown as owed by Kathy Jenkins to leave her a balance of $58,769.66.

From the unpaid balance of $4,311.38 ascribed to Joni Jenkins, the Court deducts the $2,000.00 shown debited to Chris Prater, former spouse of Joni Jenkins, on the 24th day of June, 1983. The back up document for the $2,000.00 debit is a copy of a check for $2,000.00 made payable to the order of Chris Prater and endorsed by him. The memo on the check shows "loan". (See Exhibit 2.) The balance owed by Joni Jenkins is $2,311.38.

The judgment of the Probate Court states:

1. Judgment is entered in favor of the estate of Harold L. Jenkins, deceased, against Kathy Jenkins in the amount of FIFTY-EIGHT THOUSAND SEVEN HUNDRED SIXTY-NINE DOLLARS AND SIXTY-SIX CENTS ($58,769.66) for which execution may issue, if necessary.

2. Judgment is entered in favor of the estate of Harold L. Jenkins, deceased, against Joni Jenkins in the amount of TWO THOUSAND THREE HUNDRED ELEVEN DOLLARS AND THIRTY-EIGHT CENTS ($2,311.38).

**The appellants present the following issues:**

1. Whether the trial court erred in finding enforceable obligations on behalf of the appellants to reimburse the estate for debts allegedly incurred during the decedent's lifetime in the absence of evidence of mutual assent?

2. Whether the evidence preponderates against the trial court's finding of an obligation to repay any sums that may have been advanced to the appellants during the decedent's lifetime?

3. Whether the trial court erred in finding appellant Kathy Jenkins liable for payments made for the benefit of others, in the absence of a written agreement undertaking to answer for the debts of such persons?

4. Whether the evidence clearly preponderates against the trial court's finding that the only witnesses with direct knowledge of the transactions comprising the claims in this case was not credible.

5. Whether the evidence preponderates against the trial court's finding of mutual accounts so as to avoid the application of the statute of limitations to bar recovery of all or a part of the alleged obligations, to the extent they were otherwise shown to exist?

**The executors state a single issue as follows**:

1. Where at his death a father had paid salaries and rented homes to his four adult children for several years, through his business; and he had also maintained business accounts of transactions with each child which showed balances due him, which only his two daughters disputed; did the probate court err in entering a judgment on the accounts in favor of the father's estate, against the daughters?

It appears from the record that the amounts which the executors seek to recover from the children of deceased do not exceed the amount of distribution to which each of them is entitled. As a result, this action may be based upon the law of advancements.

An advancement is an irrevocable gift by a parent in anticipation of the child's share in the parent's estate. *Jones v. Jones*, 163 Tenn. 237, 43 S.W.2d 205 (1931).

In the present case, this Court has experienced some difficulty in locating trustworthy evidence of the advancements asserted by the executors. T.C.A. § 24-1-203 reads as follows:

Transactions with decedent or ward. - In actions or proceedings by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other

-6-

as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party. Provided, if a corporation be a party, this disqualification shall extend to its officers of every grade and its directors.

The failure to object may constitute a waiver of the exclusion. *Rose v. Stalcup*, Tenn. App. 1987, 731 S.W.2d 541.

The executors offered in evidence copies of partial summaries of account ledgers maintained in the office of the business of deceased.

TRE - Rule 803(6) allows the admission of:

> (6) Records of Regularly Conducted Activity. - A memorandum, report, record, or data compilation in any form of acts, events, conditions, opinions, or diagnoses made at or near the time by or from information transmitted by a person with knowledge and a business duty to record or transmit if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used on this paragraph includes every kind of business, institution, association, profession, occupation, and calling, whether or not conducted for profit.

TRE Rule 1006 provides:

> Rule 1006. Summaries. - The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary or calculation. The originals or duplicates shall be made available for examination or copying, or both, by other parties at reasonable times and places. The court may order that they be produced in court.

There is evidence that the "source of information or method or circumstances of preparation indicate lack of trustworthiness."

This appeal presents a melange of legal questions against a background of uncertain facts.

The deceased was an affluent entertainer with complicated business and family arrangements. For his business dealings he had a "controller" and an accountant who became the executors of his estate. They undertook to keep an accurate record of his business affairs with limited and sketchy information received from transactions involving business funds and such personal transactions as the deceased, or others reported to them orally. The controller admitted that he could not certify that the records kept under his supervision regarding the financial relations of deceased with his children were complete or completely accurate.

The true facts as to what the intent of the deceased may have been as to classification of his gifts as advancements or loans, are obscured by the hearsay evidence rule and the "Dead Man's Statute."

Whatever new law might be declared regarding the evasion of the effect of the dead man's statute by use of "business records" is rendered inconclusive by the loose and nebulous dealings and record keeping of deceased and his children.

The record relied upon by the executors simply fails to qualify as competent evidence because preponderance of the evidence in this record shows that:

> "[T]he source of information or method or circumstances of preparation indicate lack of trustworthiness."

The record shows that the deceased set an "allowance" for the furnishings, special fixtures and decoration of the condominiums which he built and rented to his children and that expenses incurred by each child in excess of the allowance was charged to that child. However, the record also shows that a substantial part of the improvements charged to the children

remained in place when the children were evicted, and the sale price was enhanced by such improvements.

With two exceptions, there is no evidence that any of the heirs of deceased ever agreed with the father or his executors upon any particular amount of debt to deceased.

During cross-examination of Kathy L. Jenkins, she and her counsel admitted that she owed her father $1,524.16. Another child, Jimmy Jenkins, offered no defense to the $3,279.25 claim against him, and did not participate in this appeal.

For the foregoing reasons, the judgment against Kathy Jenkins is reduced to $1,524.16; the judgment against Jimmy Jenkins in the amount of $3,279.25 is affirmed; and the judgments against the remaining defendants are reversed and vacated. Upon remand, the Trial Court is directed to equitably re-assess the costs accrued in that court. The costs on appeal are assessed against the executors to be paid out of the funds of the estate. The cause is remanded for further proceedings in conformity with this opinion.

**MODIFIED IN PART, AFFIRMED IN PART,  
REVERSED IN PART, REMANDED.**

_____  
HENRY F. TODD  
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____  
BEN H. CANTRELL, JUDGE

CONCURS IN SEPARATE OPINION:  
WILLIAM C. KOCH, JR., JUDGE

-9-