IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 8, 2008 Session

# JAMES D. YOUNG, ADMINISTRATOR, ESTATE OF ALVA L. YOUNG, v. JERE R. YOUNG

**Direct Appeal from the Chancery Court for Smith County, Probate Division**
**No. P-859    Hon. C.K. Smith, Chancellor**

**No. M2007-02452-COA-R3-CV - Filed October 31, 2008**

In this Estate, the Executor sued a legatee for a debt owing the Deceased. The parties settled that action by an Order stating that the indebtedness owed to the Decedent by the legatee at the time of death would be treated as an advancement to the legatee in the distribution of the Estate. In the final accounting by the Special Master, the Master found that the legatee defendant owed the Estate $45,942.64. This finding was concurred in by the Trial Court and, on appeal, we affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, S.J., joined.

Gary D. Copas, Nashville, Tennessee, for Appellant, Jere R. Young.

Randy Wakefield, Carthage, Tennessee, for Appellee, James D. Young.

## OPINION

This action arises from a dispute over the final accounting in the Estate of Alva L. Young.

**Background**

Alva L. Young died testate on October 17, 1998 and her Will and Codicil were admitted to probate without objection on November 9, 1998. James D. Young, one of her four sons, and Randy Wakefield, her attorney, were appointed Co-Executors. Executor Young filed a Complaint against his brother Jere R. Young (Appellant herein) to collect an indebtedness Jere had owed decedent and now her Estate. Several promissory notes, deeds of trust and cancelled checks, which were referenced "for loan", were attached to the Complaint, and Jere raised the defense that the Complaint was barred by the statute of limitations in a Motion to Dismiss.

The suit was settled between the parties and an Agreed Order was entered by the Probate Court on February 8, 2002. The Order set forth the following:

1.  All indebtedness owed the Decedent by the defendant at the time of her death shall be treated as an advancement to the defendant in the plaintiff's administration and distribution of her Estate.

2.  The Clerk & Master is hereby appointed Special Master by virtue of this order and an order of reference. The Special Master shall under the below stated conditions make the following determinations and report to the Court, to-wit:

    a.  The total indebtedness owed by the defendant to the Decedent at the time of death.

    b.  All credits which have been given by the plaintiff to the defendant against such indebtedness through the plaintiff's receipt of "mineral rights" royalties or other payments due the defendant since the Decedent's date of death.

    c.  The determination and report shall be made without a hearing in the taking of evidence unless the Special Master deems a hearing to be necessary within the purview of the Special Master's power and authority under TRCP Rule 53.

    d.  The parties shall lodge and file with the Special Master on or before February 22, 2002, all papers and documentation which each party deems material and relevant to the determinations herein above ordered to be performed.

3.  All other matters, including all interest issues accruing after date of death, are reserved pending the filing of the Special Master's report.

On the date of the entry of that Order, Jere withdrew his Motion to Dismiss. He now claims that he withdrew the defense under the statute of limitations "[i]n accordance with the settlement".[1]

The Special Master reported on the Order of Reference which stated that Jere's indebtedness to the Estate was $194,857.43 after giving defendant credit for $26,325.00 in mineral rights royalty payments against one of his loans which he owed the Estate. Jere filed an objection to the Master's report objecting to the amount of total indebtedness the Master found because it included interest that accrued after the time of the Decedent's death based on the language in the Agreed Order that specified that the Master was to determine the total indebtedness at the time of death. Jere's calculation of the total indebtedness at the time of death was $162,770.53. Jere also objected to the Master's calculation of credit applied to the indebtedness from defendant's share of mineral royalties because the Master determined the total credit applied to the loans from the royalties both before and after the Decedent's death. The Agreed Order instructed the Master to determine the credit give by the Executor to the debt since the Decedent's date of death. Jere, however, objected to the Master's report because she omitted a determination of credit existing at the time of Decedent's death.

Later, Jere filed another objection to the Master's Report regarding a claimed miscalculation of interest. He attached an affidavit from another brother, William H. Young, who stated that it was his belief that the only loan from his mother to Jere still in existence was a $95,000.00 loan made in June of 1990 and that the other loans charged to Jere's portion of the Estate were in error.

**The Trial**

The Chancellor heard argument and entered an Order on June 16, 2003, confirming the Master's report that declared the sum of $194,857.43 as an advancement to Jere Young, as of the date of the report. The Court also ruled that Jere Young was not to receive double credit but full credit for all mineral royalties kept by the administrator under his duty as administrator of the Will.

Jere, appearing *pro se,* filed a Motion to set aside the Court's Order arguing that under Tenn. Code Ann. § 32-3-101 "a will speaks and takes effect as of the date of death, such date is October 28, 1998." He reasoned that all claims accruing after that date (such as interest on the debt owed by defendant) are not valid under the statute and the Master's report should be amended accordingly.

The Trial Court rejected defendant's Motion stating that: "the Court finds that the Order was entered by agreement and that it would not be proper to modify or re-consider same pursuant to the demand made."

---

[1]There is no agreement with the Executor to that effect in the record.

On September 7, 2007 the Executor presented to the Court a Final Accounting for approval. Jere Young filed an objection to the Final Accounting because it showed that he owed the Estate $45, 942.64, and argued that he "owed the estate nothing under such indebtedness after the date of death."

Subsequently, the Trial Court entered an Order approving the Final Accounting. Jere Young appealed and raised these issues:

A.      Whether appellant's indebtedness was correctly treated as an advancement as agreed by the parties and ordered by the Court?

B.      Did the Executer incorrectly treat the mineral rights as property passing through the administration of the Estate instead of property that should pass directly to the devisees?

The record before us consists of the technical record of the Probate Court which contains the Last Will and Testament of Alva L. Young and a Codicil to the Will. The Will and Codicil provide for the payment of all debts and expenses related to the funeral and administration and closing of the Estate be paid out of the funds of the decedent, and that all property, except mineral rights, be sold by the Executor. The Will also provided for several legacies in the amount of $12,800.00 and provided for an equal division of the remainder of the Estate between the four sons of the Deceased.

Item Eleven of the Will is at issue on appeal and provides:

In the event any beneficiary, whether a direct beneficiary under my will or a beneficiary of any trust which I may establish, is indebted to me at the time of my death, I direct such indebtedness be computed, with interest, and such amount of debt be paid to my estate. I direct my Executor to compute the amount of interest at an annualized rate of four and one-half (4 ½ ) percent with annual compounding **from the date of the loan to the date for recovery of the debt** unless a written loan agreement provides for use of a different rate of interest. I direct my Executor to collect any such amount of debt owed to me in full from the indebted beneficiary using such means as appropriate or by a withholding of funds or mineral rights from the indebted beneficiary's share of my estate . . . . Furthermore, I direct that my Executor shall not excuse any beneficiary's debt even if said debt should no longer be deemed legally collectable because of bankruptcy or statute of limitations or for other reason. (Emphasis added).

Article 14 added by the Codicil addresses the handling of the income from the

mineral rights:

> In respect to distribution of any income from mineral royalties and to administration of other matters relating to the mineral rights which I have bequeathed, I designate my son, James Daniel Young, to handle all such matters. . . . It shall be the Executor's discretion whether to sell or retain mineral rights to disperse to the heirs and trusts.

". . . The standard of review in cases of this nature is *de novo* upon the record with a presumption of correctness as to the findings of fact,[2] unless the preponderance of the evidence is otherwise. . . . Questions of law are reviewed *de novo* with no presumption of correctness." *Bowden v. Ward,* 27 S.W.3d 913, 916 (Tenn. 2000) (citations omitted).

Appellant argues that the parties to the Complaint filed by the Executor settled that suit by agreeing that appellant's indebtedness to the Decedent would be treated like an advancement and that in consideration of this agreement, appellant agreed to waive his statue of limitations affirmative defense and that this agreement was the basis of the Agreed Order entered by the Trial Court on February 8, 2002. He then argues that the "Executor was thereafter judicially estopped from denying such advancement treatment or otherwise taking an inconsistent position to such agreement in the course of the administration proceeding." Further, he claims the Executor failed to treat the indebtedness like it had been an advancement because the Executor did not add the indebtedness of $194,857.43 to the assets of $836,274.99 listed in the Final Accounting. Based on his methodology, he claims he would be due $10,820.66 from the Estate rather than owing $42,942.64.

The Final Accounting and its attachments are part of the technical record before the Court, and its attachments demonstrate that the loan to Jere R. Young, totaling $199,406.36, was part of the assets of $836,274.99 as listed in the Final Accounting. In fact, Jere's indebtedness was almost 25% of the listed assets of the Estate. This issue is without merit.

It should be noted that in Tennessee, the doctrine of advancement does not apply to wholly testate estates such as this Estate. *See* Tenn. Code Ann. § 31-5-101; *Poss v. Turner*, No. M2005-01008-COA-R3-CV, 2007 WL 187811 at * 4 (Tenn. Ct. App. Jan. 24, 2007). The *Poss* Court explained the doctrine of advancement as follows:

> A gift, however, may also be deemed an advancement against one's anticipated

---

[2]Findings of fact by the Master and concurred in by the Chancellor is reviewed under the material evidence rule.

inheritance, in which event the amount of the "advancement" may be offset against the child's inheritance. *See* Tenn. Code Ann. § 31-5-101. An advancement is "a gift by a parent of a portion or all of the child's share in [the] estate which would fall to such child at the parent's death by the statute of intestate succession." 2 Jack W. Robinson, Sr. & Jeff Mobley, Pritchard on Wills and Administration of Estates § 839, at 485 (5th ed.1994) (citing *Laman v. Craig,* 206 S.W.2d 309 (Tenn. Ct. App.1947); *Johnson v. Patterson,* 81 Tenn. 626 (1884)); *see also Jones v. Jones,* 163 Tenn. 237, 43 S.W.2d 205 (1931) (holding that an advancement is a gift by a parent in anticipation of the child's share in the parent's estate).

*Poss* at * 4.

In this case, however, the agreement between Jere Young, the debtor, and James Young, the Executor, to treat Jere Young's debt to his mother as an advancement was part of the settlement of the litigation brought by the Executor to collect the debt, as directed by the Will. The agreement to treat the debt as an advancement was part of the Agreed Order of February 8, 2002 and the Executor was obligated to treat the debt as if it were an advancement in an intestate Estate, which the Executor did. The Tennessee Practice Series on Probate is instructive as to the method used when a debt or gift is treated as an advancement:

> If there are advancements which must be taken into account, the cases require that the probate estate be grossed up by the amount of the advancements. The advancements are valued at their value on the date of the advancement. Once the probate estate is adjusted for the advancements, the personal representative calculates the shares for each residuary beneficiary. The share of any beneficiary who received an advancement will be reduced by the amount of the advancement. If the beneficiary is still due something from the decedent's estate, the beneficiary will share based on the portion of the beneficiary's share still to be paid. If the beneficiary's advancement is more than the beneficiary's share, the beneficiary will be required to reimburse the estate.

18 Tennessee Practice Series - Probate § 7:16.

We conclude the Executor followed the procedure for treating Jere Young's indebtedness like an advancement and the Trial Court did not err when it approved the final settlement.

The remaining issue raised on appeal is regarding the treatment of mineral rights as property passing through the administration rather than as real property rights that should pass

directly to the heirs. The record before us does not demonstrate that this issue was raised in the Trial Court and we decline to entertain it. *See, In re Estate of Milam*, 181 S.W.3d 344, 352 (Tenn. Ct. App. 2005).

  We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Jere Young.

                   _____

                   HERSCHEL PICKENS FRANKS, P.J.